UHINCK, APPELLEE, *v.* BOYLE, TREAS., APPELLEE;
KLONOWSKI, APPELLANT.

(No. 21044—Decided November 8, 1948.)

*Messrs. Locher, Woods, Lausche & Wilmot,* for appellee Bernice Uhinck.

*Mr. Frank T. Cullitan,* prosecuting attorney, for appellee John J. Boyle, county treasurer.

*Mr. James C. Maher,* for appellant.

SKEEL, J. This action comes to this court on appeal on questions of law from a judgment in favor of the plaintiff, appellee, entered by the Court of Common Pleas of Cuyahoga county.

The plaintiff was the owner of Sublot No. 601 in the Clayton C. Townes Company's Orchard Acres Subdivision No. 4, of part of Original Lots Nos. 4, 6 and 21 in the City of Parma Heights, Ohio. The taxes and special assessments in the total sum of $1,533.15 became delinquent on or before December 28, 1945. Because of such delinquency in the payment of the general taxes and special assessments due on the lot, it was ordered forfeited on December 28, 1945, by the Court of Common Pleas in a proceeding as provided by Sections 5718, 5718-1, 5718-1a, 5718-1b and 5718-1c, General Code. On March 15, 1946, while the proceeding to sell the lot as forfeited land, as provided by Sections 5751 and 5752, General Code, was pending, the plaintiff filed an action in the Common Pleas Court of Cuyahoga county seeking to enjoin the collection of the special assessments levied against the lot, for the reason that the necessary procedural steps had not been complied with in levying such special assessments. Upon hearing the court on April 24, 1946, enjoined the collection of such assessments. The finding that the special assessments had been illegally assessed reduced the amount of the delinquent taxes, penalties and interest due on the lot to $350. The county auditor failed to note the injunction against the collection of such special assessments and proceeded to advertise and sell such property as forfeited lands.

On June 12, 1946, the property was sold by the county auditor to defendant Stanley Klonowski, the highest bidder, for $800, and upon payment of the purchase price to the county treasurer a certificate of sale of forfeited lands was issued to Klonowski.

On August 27, 1946, the plaintiff demanded of the county treasurer a tax bill showing the correct balance of taxes due, and tendered payment, which request and tender were refused. The instant action was then in-

stituted seeking to enjoin the county auditor from completing the sale of the property to defendant Stanley Klonowski, and to compel the county treasurer to issue a bill for the taxes, penalties and interest due and permit the plaintiff to redeem her property by paying the amount legally due.

The Common Pleas Court issued a temporary injunction preventing further proceedings by the county auditor to sell the lot as forfeited land. Upon final hearing a decree was entered enjoining the sale of the lot to the defendant Stanley Klonowski and directing the county auditor to vacate such sale. The decree further provided that the plaintiff be permitted to redeem her property upon the payment of the amount of the taxes so found to be legally due and ordered returned to Stanley Klonowski $800, the amount deposited by him with the county treasurer under the forfeited land sale proceeding.

It will be noted that in the proceeding to sell the lot of the plaintiff as forfeited land, the deed had not been issued to the purchaser, Klonowski, at the time the county officials were enjoined from proceeding further in such forfeited land sale proceeding.

We are, therefore, presented with two questions: First, whether the county auditor had the right to proceed with the sale after the county was enjoined from collecting the special assessments charged against the lot, and, second, whether the county auditor's sale of plaintiff's lot as forfeited land had proceeded far enough to divest her of title, so that she would be precluded from redeeming the lot by paying the taxes then legally due.

It should be noted that, after the court had determined that all the special assessments were illegally charged against the lot and enjoined their collection, the amount of delinquent taxes, penalties and interest

was reduced to an amount far below the then appraised value of the lot of $800. Therefore, the sale of the lot as forfeited land should have been stopped by the county auditor at that point.

Section 5718-1, General Code, in part provides:

"Before making the certificates provided for in Section 5718 of the General Code, the county auditor shall submit the list of lands on the delinquent list and subject to foreclosure to the county board of revision, and if, in its judgment and discretion, such board is of the opinion that such list contains property or properties so certified which will not bring upon a sale a sufficient amount of money to pay the total amount charged against it on the tax duplicate, together with the costs of foreclosure, such board may order the same to be omitted from the foreclosure proceedings hereinafter provided; and as to such land so ordered to be omitted, no delinquent land tax certificate shall be made * * *."

It is, upon the agreed facts, clear that the value of the lot was far in excess of the taxes then legally due and delinquent and the reasonable cost of foreclosure.

Section 5746, General Code, provides:

"If the former owner of a tract of land or town lot, which has been so forfeited, at any time before the state *has disposed of* such land, or lot, shall pay into the treasury of the county in which such land or lot is situated, all the taxes, assessments, penalties and interest due thereon at the time of such payment, the state shall relinquish to such former owner or owners, all claim to such land or lot. The county auditor shall then re-enter such land or lot on his tax list, with the name of the proper owner." (Italics ours.)

Forfeitures are not favored under the law, and, therefore, the foregoing statute should be construed liberally in favor of an owner whose land is being sold

under this and the other statutes providing for the sale of forfeited land.

Section 5762, General Code, provides in part:

"When a tract of land has been duly forfeited to the state and sold agreeably to the provisions of this chapter, the conveyance of such real estate by the county auditor shall extinguish all previous title thereto and invest the purchaser with a new and perfect title."

In other words, forfeited lands are not "disposed of" under Section 5746, General Code, until there has been a conveyance under Section 5762, General Code. The certificate provided for by Section 5762 does not convey the title to the property to the purchaser at a forfeited land sale. The certificate is simply evidence that he was the highest bidder entitling him to a deed for the property. Upon this point that section provides:

"The county auditor on making a sale of a tract of land to any person, under this chapter, shall give such purchaser a certificate thereof. On producing or returning to the county auditor the certificate of sale, the county auditor, on payment to him by the purchaser, his heirs, or assigns, of the sum of one dollar and twenty-five cents shall execute and deliver to such purchaser, his heirs, or assigns, a deed therefor, in due form, which deed shall be prima facie evidence of title in the purchaser, his heirs, or assigns."

We conclude, therefore, first, that the auditor was without authority to proceed with the forfeited land sale after the special assessments had been found to be illegally assessed, thus reducing the amount of taxes due far below the value of the lot, and, second, for the reason that until the county auditor delivered his deed for property bought at a forfeited land sale the property had not been "disposed of," and until

such deed was delivered to the purchaser the owner of such land may redeem the same by paying the taxes, penalties and interest then legally due, as provided by law.

For the foregoing reasons, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

HURD, P. J., and NICHOLS, J., concur.

NICHOLS, J., of the Seventh Appellate District, sitting by designation in the Eighth Appellate District.